BOWEN *v.* MOHRHARDT.

1. PARTNERSHIP—ACCOUNTING.
   In suit for accounting of partnership business, finding of court below that partnership existed, *held,* justified by evidence.

2. SAME—PERCENTAGE OF EARNINGS.
   Finding of court below that defendant agreed to give plaintiff certain per cent. of earnings of business for year as recompense for delaying date when partnership was to become effective, is affirmed, on appeal.

3. SAME—INCREASE IN SALARY.

    Finding of court below that defendant agreed that increase in plaintiff's salary should be allowed as from time he began work is affirmed, on appeal.

4. BILLS AND NOTES—LOST INSTRUMENTS—INDEMNIFYING BONDS—NEGOTIABLE INSTRUMENTS.

    Before indemnifying bond may be required under 3 Comp. Laws 1929, §§ 14209, 14210, in suit involving lost promissory note, it must affirmatively appear that said note was negotiable.

Appeal from Kent; Dunham (Major L.), J. Submitted April 9, 1931. (Docket No. 35, Calendar No. 35,346.) Decided June 1, 1931.

Bill by Matthew J. Bowen against Jacob A. Mohrhardt for an accounting of partnership moneys. Cross-bill by defendant for set off of amount alleged to be due him. Decree for plaintiff. Defendant appeals. Affirmed.

*Martin H. Carmody* (*Henry C. Hart,* of counsel), for plaintiff.

*Linsey, Shivel & Phelps* and *John H. Vander Wal,* for defendant.

SHARPE, J. The defendant has been engaged in the meat and canned goods business in Grand Rapids for many years. In December, 1927, he employed the plaintiff as a bookkeeper, on part time, at a salary of $30 per week. The service rendered was such that on April 1, 1928, this wage was increased to $50 per week. On May 28, 1928, plaintiff loaned defendant $900, and on October 5th of that year he loaned him $2,500, for which he received defendant's notes bearing 7 per cent. interest.

It is plaintiff's claim that as early as April, 1928, there was talk of a partnership in the business. The

trial court found that such an agreement was in fact entered into on February 11, 1929, to become effective January 1st of that year, whereby the plaintiff became the owner of a one-quarter interest in the business, for which he was to pay $5,000. He was discharged by the defendant in October, 1929, and filed the bill of complaint herein soon thereafter for an accounting of the moneys due him on account of the service rendered; of the loans made, and his share of the profits of the business during the time he was a copartner with defendant therein.

The defendant answered, denying that a partnership agreement was entered into, and by cross-bill set up facts supporting a claim that plaintiff was indebted to him in sundry amounts which should be set off against the notes held by plaintiff.

The proofs were submitted in open court, after which the trial court filed an opinion reviewing the proofs submitted at length. A further accounting was ordered as to certain items, and, after consideration thereof, a decree for plaintiff was entered sustaining the claim of partnership and awarding him the sum of $4,111.59, from which the defendant has taken an appeal.

1. *Partnership.* We are satisfied from the record that defendant much appreciated the service that plaintiff was rendering. His books had not theretofore been kept in a manner to reveal the true condition of his business. The plaintiff testified that when he presented the quarterly statement to defendant in April, 1928, the defendant said "that I was the man he wanted there, and that he would give me a partnership in the business." It is undisputed that his salary was then increased to $50 per week. The business needed money. On May 28th plaintiff offered to raise $900 on his wife's life insurance

policy and loan it to defendant, and this offer was accepted. While the business was conducted at a profit, additional money was needed for operation, and on October 5th plaintiff raised $2,500 by a mortgage on real estate owned by his wife and deposited it to defendant's credit in the bank. That he did this in anticipation of the partnership is apparent. He testified that defendant then said to him, "Well, if you can borrow the money at the bank now, it will be a good time, and we can finish up this partnership proposition." After the deposit was made, he testified that defendant said to him, "Now, Bowen, it is so late in the year, why not let's waive the partnership proposition until after the first of the year," and that he gave his assent thereto.

Defendant gave his notes for these loans, and was charged interest thereon to January 1, 1929. On that date, defendant's investment in his business amounted to about $22,000. He drew out $2,000 during January, and on February 11th, when the terms of the partnership agreement were finally agreed upon, he was credited with this amount and with plaintiff's investment of $5,000 for a one-quarter interest in the business. On that day, plaintiff made appropriate entries in the books, which had theretofore been kept by him, charging himself with the $5,000 and crediting that amount to the defendant. These entries were used as a basis for quarterly statements thereafter made by him and presented to defendant. On these statements it clearly appeared that the defendant had an investment in the business of $15,000 and plaintiff $5,000. While defendant testified that he did not see the entries in the books, he admitted that he received these statements, but says he did not examine them; that

his only interest in them was in the amount of profit they disclosed.

Louis Harmon, an apparently reputable business man of Grand Rapids, testified:

"At the time I went to Detroit with Mr. Mohrhardt, I had some talk with him about the partnership and Mr. Mohrhardt said that after he took Mr. Bowen in as a partner, he was greatly relieved of his financial worries."

Defendant, on being asked if he did not so state, replied: "Not that I know of." The defendant owned the building in which the business was conducted. Up to January 1, 1929, he had been charging the business a monthly rental of $125 per month, and on that date increased it to $200. His explanation is that it made no difference as it all belonged to him.

After plaintiff's discharge, defendant had an examination made of the books relating to the business by Charles Payne. He prepared a statement of plaintiff's account with defendant, the first entry in which was "Investment a/c $5,000." It showed an indebtedness of plaintiff to defendant of $1,834.58. Payne testified that after he had prepared it he showed it to defendant, and he said, "Now, go down and show that to Mr. Bowen," and he did so. He also testified:

"There is nothing about the books that is hidden or anything covered up as to that investment. If I was not told by anybody about it, I would immediately conclude that it was a partnership."

The books as kept disclose that both plaintiff and defendant were allowed weekly salaries after January 1, 1929. There are other facts and circumstances which tend to support plaintiff's claim in

this respect, and, in our opinion, the finding of partnership was justified by the evidence submitted.

2. *Profits of 1928.* It is plaintiff's claim that when he raised the $2,500 he expected that the partnership would then be entered into; that when it was suggested that it should begin on January 1st defendant said to him:

"Now, in lieu of your waiving that partnership proposition, I will give you a flat 10 per cent. of the profits of 1928 which would approximately have been about the same as one-quarter of the business would be in 1928 for the last quarter. That is the best quarter in the year."

Defendant denies making this statement. The trial court heard them both testify. His finding that many of the answers of the defendant to questions put to him were "evasive" finds support in the record. When the agreement for a partnership was deferred at the time the last loan was made, it is not unreasonable to conclude that he thought plaintiff should be recompensed for the delay. The interest which the notes bore was but the same as plaintiff was paying. We are unwilling to reverse the finding of the court that the agreement for a share of the profit in 1928 was in fact made.

3. *Increase in Salary.* Plaintiff claims that when his salary was increased to $50 per week defendant agreed that he should be allowed this amount from the time he began work. The testimony is quite convincing that plaintiff, under the first agreement of hire for part time, found himself unable to do the work expected of him without devoting most of his time to defendant's business. No proper books of account had been theretofore kept. That defendant was pleased with his efforts to start a proper accounting system is apparent. Defendant denies that

he so agreed. What has been heretofore said as to the weight of the evidence applies equally to this item. We are unwilling to reverse the finding allowing it.

4. *Bond for Notes.* Defendant insists that the payment of the sum awarded plaintiff should be conditioned on his filing a bond to indemnify him against any claim by any other person on account thereof. He relies upon the statute (3 Comp. Laws 1929, §§ 14209, 14210) which provides that such a bond must be given when action is brought upon a lost negotiable promissory note, or when such a note is relied upon as a set-off. The $900 note was offered in evidence and marked as an exhibit. Plaintiff testified that he had looked for, but was unable to find, the $2,500 note. The defendant also testified, "I looked for it and haven't found it." While the due date of this note was not fixed, it is apparent that it was made payable on January 1, 1929. Interest on it to that date was charged to defendant. It is uncertain whether this note was not delivered to defendant when the partnership agreement was entered into. It does not affirmatively appear that these notes were negotiable instruments. Proof of that fact must be submitted before an indemnifying bond can be required under the statute. *Reese* v. *Dyer,* 199 Mich. 204.

The decree is affirmed, with costs to appellee.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.